**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| SHISHAN KUMAR, | No. 08-73520 |
| Petitioner, | BIA No. A097-515-263 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2013[**]
San Francisco, California

Before: NOONAN, FISHER and NGUYEN, Circuit Judges.

Shishan Kumar, a native and citizen of India, petitions for review of the

BIA's decision affirming an immigration judge's denial of his applications for

asylum, withholding of removal, and protection under CAT. We deny the petition

for review.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The parties are familiar with the facts of this case. Kumar testified as follows: He left India because of police corruption in his town. The police claimed Kumar was interfering in their work when he questioned the arrests of a neighbor's son and friends after a raid on their house, and they later summoned him to the police station whenever there was an incident in the village. Police detained him for a few hours on several occasions for allegedly providing shelter to militants. On another occasion he was arrested and accused of helping two boys whom the police called militants after the boys had wanted to distribute flyers in Kumar's store. On a third occasion the police detained him for four days, beat him and questioned him about visitors he had met at his cousin's house. Kumar claims to have no political affiliation.

The BIA upheld the IJ's denial of asylum as time-barred and the denial of withholding relief on adverse credibility and nexus grounds. The IJ made an adverse credibility finding due to inconsistences in Kumar's testimony. The IJ held that under the REAL ID Act, Kumar ought to have corroborated his claim with statements from his wife, his neighbors, and from his doctor, which he did not do. Alternatively, the IJ found that even if Kumar were credible, she would have denied his withholding claim because there was no political character to the arrests and no nexus between Kumar's arrests and a protected ground.

2

The BIA upheld the IJ's decision and issued a separate opinion. The BIA held that the IJ was not clearly erroneous in finding the respondent not credible, that Kumar did not show that a primary reason for any harm was a protected ground, and that his account did not meet the standard of proof that it was more likely than not he would be tortured. In his petition for review, Kumar does not challenge the BIA's denial of his asylum or CAT petitions; he only appeals the denial of his withholding of removal claim

This court has jurisdiction to review final orders of removal by the BIA under 8 U.S.C. §1252. The BIA's determination must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v.Elias-Zacarias*, 502 U.S. 478, 481 (1992); *see also Wang v. Ashcroft*, 341 F.3d 1015, 1022 (9th Cir. 2003) ("We review the BIA's decision to deny withholding of removal for substantial evidence.").

Substantial evidence supports the BIA's determination that Kumar failed to show a nexus between the harm he suffered and a protected ground. The arrests occurred in the course of police investigations and did not occur on account of Kumar's affiliation or imputed affiliation with a social group, political affiliation or religion.  Furthermore, Kumar testified that he does not belong to a political party and that he left India because of corrupt police authorities in his town. The

fact that police suspected Kumar of helping militants on two occasions is not sufficient evidence to show they believed he shared the militants' political views.

We do not reach the issue of the IJ's adverse credibility finding.

We affirm the BIA's decision and deny Kumar's claim for withholding of removal.  PETITION DENIED.